**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

<span style="color:red">**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000349
13-FEB-2026
08:27 AM
Dkt. 67 SO**</span>

NO. CAAP-23-0000349


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


SEAN KADING and THERESA KADING, Appellants-Appellants,
v.
MAUI COUNTY BOARD OF VARIANCES AND APPEALS,
JACKY TAKAKURA, in her official capacity as Acting Director of
the Department of Planning for the County of Maui,[1] and
DEPARTMENT OF PLANNING, COUNTY OF MAUI,
Appellees-Appellees.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CCV-22-0000226)


SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Leonard and McCullen, JJ.)

This secondary appeal challenges two notices of

violations (**NOVs**) and fines imposed by Appellees-Appellees

---

[1] Pursuant to Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 43(c)(1), Jacky Takakura, the current Acting Director of the Department of Planning for the County of Maui, is automatically substituted as Appellee/Appellee herein in place of Michele Mclean.

Department of Planning, County of Maui (**Department**) and sustained by the Maui County Board of Variances and Appeals (**BVA**) (collectively, **County**), for advertising a short-term rental home (**STRH**) without displaying a permit (**Advertising NOV**) and operating a STRH without a valid permit (**Operating NOV**).  We affirm.

Appellants Sean Kading and Theresa Kading's (collectively, **Kadings**) appeal from the Circuit Court of the Second Circuit's[2] (1) March 16, 2023 "Findings of Fact [(**FOFs**)], Conclusions of Law [(**COLs**)], and Decision and Order" (**Circuit Court Order**); and (2) April 19, 2023 "Final Judgment," affirming the BVA's August 24, 2022 "Findings of Fact, Conclusions of Law, and Decision and Order," affirming the NOVs and fines (**BVA Order**).

The Kadings raise five points of error (**POEs**),[3] contending that the Circuit Court "erred as a matter of law" by: **(1)** "failing to apply BVA Rule § 12-801-14 and [Hawaii Revised Statutes (**HRS**)] § 91-13.5 and finding that the Department had failed to issue its decision an order within 120 days of receiving [the Kadings]' Appeal Application"; **(2)** "failing to apply BVA Rules, § 12-801-10 and § 12-801-92, and HRS § 91-9.5 and finding that the Department had failed to provide [the Kadings] proper notice before proceeding with the June 23 hearing"; **(3)** "failing to apply BVA Rules, § 12-801-112(b) and

---

[2]    The Honorable James R. Rouse presided.

[3]    The POEs do not cite the record identifying where the alleged errors occurred and where the alleged errors were "brought to the attention of the court or agency."  See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4)(ii) and (iii).  While HRAP Rule 28(b)(4) provides that "[p]oints not presented in accordance with this section will be disregarded," we will address the POEs for which the remaining sections of the brief provide the necessary information to identify the Kadings' arguments under the public policy favoring resolution of cases on their merits.  See Marvin v. Pflueger, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012).

finding that the Department had failed to render its final decision and order within forty-five days from the close of oral argument by the parties"; **(4)** "failing to find the BVA's decision and order was improperly based on unverified statements and without credible evidence"; and **(5)** "failing to find that the BVA violated [the Kadings]' constitutional protections pursuant to Hawaii Constitution, Article I, Section 12 by upholding the punitive and oppressive fines issued against [the Kadings]."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve the Kadings' contentions as follows, and affirm.

The Kadings own residential property (**Property**) in Kāʻanapali Golf Estates (**KGE**), an R-3 residential zoning district.  Under the Maui County Code (**MCC**), a residential property rented for compensation for a period of less than 180 days is classified as an STRH.  MCC § 19.04.040.  STRHs are allowed to operate in residential districts, MCC § 19.08.020(K), but only if the property owner obtains a permit.  MCC § 19.65.080(E).[4]

---

[4]     While the current appeal involves the NOVs related to advertising and operating an unpermitted STRH, the Kadings' Opening Brief and record contain references to the Kadings' involvement in additional STRH-related litigation, as follows: (1) Tran v. Dep't of Plan. for Cnty. of Maui, No. CAAP-21-0000580, 2025 WL 892337, at *4 (Haw. App. Mar. 20, 2025) (SDO) (vacating the 2021 dismissal of Sean Kading and Thinh Tran's 2021 complaint challenging the application of the County's 2012 Ordinance 3941, requiring STRH permits in residential districts, to Kading's and Tran's KGE properties, and remanding for further proceedings); (2) an October 20, 2021 circuit court order denying Sean Kading's appeal from the Maui Planning Commission's denial of an STRH permit in 2CCV-22-0000154; and (3) the Kadings' October 2021 variance application to the Department requesting they be allowed to lease their property for periods less than 180 days.  The parties agree that the variance application was not consolidated with the NOVs in this appeal.

The NOVs at issue arise out of February 2021 complaints that the Department received from neighbors that the Kadings were advertising their Property for short-term rental use. The complaints attached website links to the advertisement. Zoning Inspector Shaina Hipolito (**Inspector Hipolito**) investigated the complaints and verified that the website links referenced in the complaints were active. Inspector Hipolito confirmed that the Property's Residential District classification did not allow short-term rental use without a permit, the Property had no STRH permit, no permit number was referenced in the advertisements, and the advertisements demonstrated evidence of short-term or transient vacation rental use.

On February 19, 2021, Inspector Hipolito mailed a Notice of Warning to the Kadings, stating the Department believed they were in violation of MCC § 19.65.040(A), which requires STRH advertisements to include a valid permit number and tax map key number, and MCC § 19.65.080(E), which prohibits operating a STRH without a permit. The Notice of Warning required the Kadings to correct the violations by February 26, 2021, which Inspector Hipolito subsequently extended to March 12, 2021.

After further investigation, Inspector Hipolito determined the Kadings had not remedied the violations, and on April 19, 2021 the Department issued the Operating NOV to the Kadings. The Operating NOV required the Kadings to correct the MCC § 19.65.080(E) violation by April 26, 2021; to pay an initial fine of $20,000 by May 19, 2021; and to pay additional fines of $10,000 per day if the violation was not corrected by April 26, 2021.

4

On May 3, 2021, the Department issued the Advertising NOV to the Kadings. The Advertising NOV required the Kadings to correct the MCC § 19.65.080(D) violation by May 10, 2021; to pay an initial fine of $1,000; and to pay additional fines of $1,000 per day if the violation was not corrected by May 10, 2021.

On May 15, 2021, the Kadings filed an apppeal of both NOVs with the BVA.

The BVA issued a June 6, 2022 notice (**Notice**) to the Kadings for a June 23, 2022 hearing on the Kadings' appeal of the NOVs (**BVA appeal hearing**). The June 6, 2022 Notice was sent via certified mail and was delivered on June 15, 2022. The Notice informed the Kadings they could appear before the BVA in person or join by online video conference, and provided a meeting link. The Notice requested that any documents be submitted by June 16, 2022.

The record reflects that the Kadings submitted three filings dated June 15, 2022, which were received by the Department on June 17, 2022. These June 15, 2022 submissions included a "Motion to Close Hearing Due to Automatic Approval of Appeal Application and Variance Application under Hawaii Law," a "Proposed Findings of Fact and Conclusions of Law Re Motion to Close Hearing Due to Automatic Approval, Decision and Order," and a "Proposed Findings of Fact and Conclusions of Law, Decision and Order[;] Objection to Evidence Not Produced or Obtained Illegally; [and] Objection to Notice of Hearing." (Brackets and underscoring omitted.) Each of the Kadings' June 15, 2022 submissions indicated the BVA appeal hearing date and time as "June 23, 2022" at "1:30 p.m." on the first page.

At the June 23, 2022 BVA appeal hearing, the Kadings failed to appear.[5]  The Department presented evidence in support of the NOVs, including testimony from Inspector Hipolito and an Administrative Planning Officer for the Department.  For the Advertising NOV, the Department sought a total $9,000 fine, consisting of an initial fine of $1,000 and eight days of $1,000 per day fines.  For the Operating NOV, the Department sought a total $320,000 fine, consisting of an initial fine of $20,000 and thirty days of $10,000 per day fines, for a 24-day period during May 2 to May 26, 2021;   five-day period during June 21 to June 26, 2021; and a one-day period from July 16 to July 17, 2021.  At the conclusion of the approximately 2.5-hour hearing, six BVA members voted unanimously to deny the Kadings' appeal.

On August 24, 2022, the BVA issued its written BVA Order denying the Kadings' appeal and approving the fines requested by the Department totaling $329,000.

The Kadings appealed the BVA Order to the Circuit Court, which denied the Kadings' appeal in the March 16, 2023

---

[5]    Both the Circuit Court Order and the County's Answering Brief reference a waiver provision based on an appellant's failure to appear for a BVA appeal hearing, set forth in BVA Rule § 12-801-95.  This rule provides:

> §12-801-95 <u>Failure of appellant to appear</u>. In the event of the appellant's failure to appear before the board after proper notice has been served upon the appellant, or when the appellant or the appellant's representative leaves the hearing while the hearing is in progress, the board may proceed with such hearing without the presence of the appellant. <u>Failure of the appellant</u> or the appellant's representative <u>to appear before the board after proper notice has been served</u>, or when the appellant or the appellant's representative leaves while the hearing is in progress, <u>shall constitute waiver of</u> appellant's right to be heard in person or through counsel and of <u>appellant's right to present evidence and argument</u>.

(Emphases added.)

Circuit Court Order.  The Circuit Court entered judgment in favor of the County for $329,000, from which the Kadings timely appealed.

Our review of a circuit court's decision on an HRS § 91-14 agency appeal is a secondary appeal, in which we determine whether the circuit court was right or wrong by applying the standards of HRS § 91-14(g) to the BVA's decision and order. Flores v. Bd. of Land & Nat. Res., 143 Hawai'i 114, 120, 424 P.3d 469, 475 (2018).  HRS § 91-14(g) (2012 & Supp. 2021) provides for reversal or modification of an agency's decision if the substantial rights of the petitioners may have been prejudiced because "the administrative findings, conclusions, decisions, or orders are":

> (1) In violation of constitutional or statutory provisions;
>
> (2) In excess of the statutory authority or jurisdiction of the agency;
>
> (3) Made upon unlawful procedure;
>
> (4) Affected by other error of law;
>
> (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
>
> (6) Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

**(1)** The Kadings argue the Circuit Court "erred as a matter of law by failing to apply BVA Rule § 12-801-14 and HRS § 91-13.5 and finding that the Department had failed to issue its decision and order within 120 days of receiving Appellants' Appeal Application" (**120-day deadline argument**).  They claim that because the written BVA Order was not timely issued, their appeal should have been granted, citing the "automatic approval" provision in HRS § 91-13.5, which applies to applications "for a business or department-related permit, license, or approval."

7

The Kadings' 120-day deadline argument under BVA Rule § 12-801-14 lacks merit. This NOV appeal is governed by BVA Rule § 12-801-112(b) in Subchapter 10, which provides that decisions and orders in appeals be "rendered within forty-five calendar days from the close of oral argument by the parties." BVA Rule § 12-801-14(d) applies to an "application" and not an appeal, and provides that "all final decisions and orders shall be issued in writing within one hundred twenty days from the date the application is deemed complete by the director." (Emphasis added.) An "[a]pplicant" is defined in BVA Rule § 12-801-5 as "a person who seeks permission or authorization which the board may grant under statute or ordinance; and a person seeking relief not otherwise designated in these rules and regulations." Here, the Kadings are appellants pursuing an appeal from NOVs under BVA Rule § 12-801-112(b). Thus, the 120-day deadline under BVA Rule 12-801-14 for an "application" does not apply.

As the Circuit Court correctly concluded, the "automatic approval" provision in HRS § 91-13.5(c) applies to "issuing agencies" reviewing "any application for a business or development-related permit, license, or approval." In hearing the Kadings' appeal, the BVA was not acting as an agency issuing any permit, license, or approval to an "applicant," but was rather presiding in an appeal of an NOV brought by an appellant. The Circuit Court correctly found an appeal of an NOV is not an "application for a business or development-related permit, license or approval" subject to HRS § 91-13.5(g). See Yoshikawa v. City & County of Honolulu, 542 F.Supp.3d 1099, 1116 (D. Haw. 2021) (holding that an appeal to the Honolulu Board of Building Appeals from an adverse order of the Department of Planning and Permitting was not an "application for a business or

development-related permit, license, or approval" subject to HRS § 91-13.5), <u>vacated on other grounds</u>, <u>Yoshikawa v. Seguirant</u>, 74 F.4th 1042 (9th Cir. 2023). Accordingly, the "automatic approval" provision in HRS § 91-13.5 and the 120-day deadline running from an "application" under HAR § 12-801-14 do not apply to the Kadings' appeal.

**(2)** The Kadings argue the Circuit Court "erred as a matter of law by failing to apply BVA Rules, § 12-801-10 and § 12-801-92, and HRS § 91-9.5 and finding that the Department had . . . provide[d] [the Kadings] proper notice" of their June 23, 2022 BVA appeal hearing. The Kadings assert that "[p]roper notice according to HRS § 91-9.5 is receipt of the written notice at least fifteen days prior to the hearing."

The Kadings do not challenge the Circuit Court's pertinent COLs in this POE. <u>See</u> HRAP Rule 28(b)(4)(C) (requiring the point of error to identify or quote the challenged FOFs or COLs). Here, the Circuit Court concluded that the BVA Rules requirement of 15-days notice of the hearing, calculated from the time of *mailing* of the Notice and not from its *receipt*, was met in this case, as follows:

> 10. The Board's procedure for in [sic] noticing and hearing appeals related to notices of violation is outlined in Subsection 10 of the BVA Rules.
>
> 11. BVA Rule § 12-801-92 requires:
>
>> The board shall give written notice of hearing to all parties at their last recorded address, by registered or certified mail, return receipt requested, at least fifteen days before the hearing. The notice shall include the information required by section 91-9(b).
>
> 12. "Service by mail shall be regarded as complete when deposited in the United States mail properly addressed and stamped." BVA Rule § 12-8-1-19(e).
>
> 13. The remote hearing was scheduled for June 23, 2022. ROA 85. The hearing notice was mailed on June 6, 2022. ROA 85-91. Fifteen days from June 6, 2022 is June 21, 2022. The notice provided two additional days from the date

9

of mailing. The Court finds service was timely under the rules of the BVA.

14. Appellants also had actual notice as of May 23, 2022 and June 8, 2022 when the Department and Board emailed Appellant Kading regarding the June 23, 2022 hearing date. . . .

. . . .

17. Appellants had actual notice and proper legal notice, and notice in this case was not deficient.

The Circuit Court concluded the Kadings had both "actual notice and proper legal notice[.]" COL 17.

The Kadings' argument does not mention or challenge these COLs. The Circuit Court's COLs applied the correct law set forth in the notice requirement under BVA Rule § 12-801-92. The Circuit Court was correct. See Flores, 143 Hawaiʻi at 120, 424 P.3d at 475.

**(3)** The Kadings argue that the Circuit Court "erred as a matter of law by failing to apply BVA Rules, § 12-801-112(b) and finding that the Department had [not] failed to render its final decision and order within forty-five days from the close of oral argument by the parties" (**45-day deadline argument**). The Kadings raised multiple deadline-based arguments in twelve "Points of Error" in their Circuit Court Opening Brief, and none concerned this 45-day deadline argument. This argument is waived. See County of Hawaiʻi v. UNIDEV, LLC, 129 Hawaiʻi 378, 387, 301 P.3d 588, 597 (2013) ("It is axiomatic that where a party fails to raise an argument before the courts below, that argument may be deemed waived for purposes of appeal." (citation omitted)).

**(4)** The Kadings argue the Circuit Court "erred as a matter of law by failing to find" the BVA Order "was improperly based on unverified statements and without credible evidence." The Circuit Court rejected the Kadings' evidentiary challenge,

10

inter alia, on the grounds of waiver, applying BVA Rule § 12-801-95 for an appellant's failure to appear, as follows:

> 58. Appellants were the parties initiating the proceeding before the BVA and bore the burden of establishing the Department's issuance of NOV 2021/0019 and NOV 2021/0026 were in error. HRS §91-10(5) ("[e]xcept as otherwise provided by law, the party initiating the proceeding shall have the burden of proof, including the burden of producing evidence as well as the burden of persuasion. The degree or quantum of proof shall be a preponderance of the evidence.")
>
> 59. Appellants made it clear that they did not intend to appear at the hearing, and by failing to do so presented no evidence to establish their substantial rights had been prejudiced by issuance of either NOV. ROA 354-406.
>
> 60. Under BVA § 12-801-95, where an Appellant or Appellants refuse or otherwise fail to appear,
>
>> [T]he board may proceed with such hearing without the presence of the appellant. Failure of the appellant or the appellant's representative to appear before the board after proper notice has been served, or when the appellant or the appellant's representative leaves while the hearing is in progress, ***shall constitute waiver of appellant's right to be heard in person or through counsel and of appellant's right to present evidence and argument.*** (emphasis added).
>
> 61. Appellants waived any right to appear and present any additional documents or evidence to the Board, and therefore this Court. BVA § 12-801-95.

COLs 58-61 (brackets in original).

In their Opening Brief, the Kadings do not mention or challenge the above COLs or the Circuit Court's application of BVA Rule § 12-801-95 to their evidentiary challenge. See HRAP Rule 28(b)(4)(C). We conclude that COLs 58-61 are not wrong. See Flores, 143 Hawaiʻi at 120, 424 P.3d at 475. Further, the Kadings' argument involves the credibility and weight of the evidence presented at the BVA appeal hearing. Appellate courts do not consider "the weight of the evidence to ascertain whether it weighs in favor of the administrative findings, or review

the agency's findings of fact by passing upon the credibility of witnesses or conflicts in testimony[.]"  Pave v. Prod. Processing, Inc., 152 Hawaiʻi 164, 172, 524 P.3d 355, 363 (App. 2022) (citation omitted).

**(5)** The Kadings argue the Circuit Court "erred as a matter of law by failing to find that the BVA violated [their] constitutional protections pursuant to Hawaii Constitution, Article I, Section 12 by upholding the punitive and oppressive fines issued against [them]."

Here, the record reflects that the Circuit Court concluded the fines were "not excessive given the circumstances presented," relying on an unchallenged factual finding that the Kadings charged "$30,000 to $165,000 per month" for the unpermitted short-term rental, as follows:

> 78. Alternatively, the Court does not find that the fines are excessive. "An administrative agency's fine does not violate the Eighth Amendment - no matter how excessive the fine may appear - if it does not exceed the limits prescribed by the statute authorizing it." *Cripps v. Louisiana Dept. of Agriculture and Forestry*, 819 F.3d 221, 235 (5th Cir. 2016) *cert. denied*, *Cripps v. Louisiana Dept. of Agriculture and Forestry*, 127 S.Ct. 305 (2016).
>
> 79. The fines do not exceed the statute or the County charter, which are adopted by the County electorate, and are the results of a policy determination set by the legislature and through the administrative process.
>
> 80. Moreover, the amount charged per month for Appellants' short-term rental of the subject property ranged between $30,000 to $165,000 per month. ROA 228-258. The fines imposed are proportional to the violation occurring and not excessive given the circumstances presented.

COLs 78-80 (emphasis added).  The Kadings do not present argument specifically challenging the Circuit Court's reasoning in its mixed findings and conclusions, which were supported by

substantial evidence and are not clearly erroneous.[6]  See HRS § 91-14(g).

For the foregoing reasons, we affirm the March 16, 2023 Circuit Court Order and April 19, 2023 Final Judgment, both entered by the Circuit Court of the Second Circuit.

DATED:  Honolulu, Hawaiʻi, February 13, 2026.

On the briefs:

Amanda L. Dutcher,
for Appellants-Appellants.

Kristin K. Tarnstrom,
Deputy Corporation Counsel,
County of Maui,
for Appellees-Appellees.

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

---

[6]     The Kadings present further argument in subsection "F" of the Opening Brief, and argue that the Circuit Court "disregard[ed] the approvals granted to the KGE developer for the benefit of successor owners like [the Kadings] under 19.32 and 19.37.010 and protections by Hawaii and U.S. Law." The Kadings do not raise this argument as a separate point of error, and the argument is without citation to any alleged error by the Circuit Court or BVA.  Thus, the arguments in subsection "F" are waived.  See HRAP Rule 28(b)(4) and (b)(7).